(Franklin County Court of Common Pleas.)

DENNIS KELLY *v.* THE STATE OF OHIO.

1. An affidavit charging the defendant with selling New Orleans molasses having mixed therewith glucose, whereby the quality, strength and purity thereof was lowered and depreciated, is fatally defective in the absence of any averment that the article was sold for, and to be used as, human food.
2. On the trial of such case, it is competent for the defendant to show that he bought the molasses for pure New Orleans molasses, and honestly believed it to be such, and in that belief sold it, without intent to deceive the purchaser thereof as to its true character, and a refusal of the court to so charge the jury in a case, when requested so to do, when such defense is made in the evidence, is error.

(Decided March, 1895.)

---

BADGER, J.

This is an action brought in error by the plaintiff asking a reversal of a judgment rendered by Frank B. Cameron, a justice of the peace of the city of Columbus and Franklin county. The prosecution originally was based on the following affidavit:

"*The State of Ohio, Franklin County, ss:* Before me, Frank B. Cameron, justice of the peace in and for said county, personally appeared Willis Sells, State Dairy and Food Inspector, who, being by me first duly sworn according law, deposes and says that on or about the 6th day of October, A. D. 1893, at the county of Franklin and state of Ohio, one Dennis Kelly did unlawfully offer for sale and sell to one D. J. Minton, a quantity, to-wit: a package, of a certain article of human food, namely, New Orleans molasses; that then and there said food was adulterated by having mixed therewith glucose, whereby the quality, strength and purity thereof was lowered and depreciated; that then and there the said package of food was not labeled as a mixture or compound, nor labeled with the name and per cent. of each ingredient therein; that said offer to sell, and sale of said food, as aforesaid, was contrary to the statutes in such case made and provided, and against the peace and dignity of the state of Ohio.

"WILLIS SELLS.

"Subscribed in my presence, and sworn to before me, on the 10th day of May, A. D. 1894.

"FRANK B. CAMERON, *J. P.*"

There are several errors assigned in this petition, but in this case I deem it unnecessary for the court to notice more than one of the errors complained of, and that is as to the affidavit. It does not allege that the food or article or package of a certain article was sold in this case to be used as food. Nowhere in this affidavit do we find any such allegation or any language that could be construed into that.

The evident intention of the statute governing the sale of food and dairy products in this state, is to prevent the selling of such articles as therein enumerated for the purposes of food. The selling of such articles

for any other purpose than to be used as a food, surely, is not, in the contemplation of the law, criminal under the enactments of this statute; and, indeed, there is one clause in it that compels a person having any article of food in his possession, for sale, to sell any person tendering the price thereof, a package, or a certain amount of it, for inspection and analysis. That being the case, how can the statute compel a man to do that thing and then prosecute him for doing it? In my opinion, in order to bring the man within the provision of this statute, it is necessary for the affidavit to allege that the article sold as pure food was sold for the purpose of being used as such, to be consumed as an article of human food.

For aught that this affidavit shows, and the more reasonable construction to be put upon it is, that this quantity was sold for inspection and for analysis, and not as an article of food to be used for food. From the terms used in this affidavit, a court can as well assume that the article was to be used for the purpose of inspection and analysis as we could assume that it was to be used as a human food. Indeed, I think from the affidavit, it would be more reasonable to suppose that that was the purpose for which this article was purchased. Nothing to the contrary appearing in the affidavit, it might be that the molasses in this case was sold to some farmer to feed his bees, and not as an article of household consumption; and if that were the case, how, under the law, could it be an offense? The plaintiff in error would have a perfect right to sell it for such purpose, and it would be no violation of this statute.

The affidavit, being fatally defective in not alleging the article sold was sold to be used as a food, it is unnecessary for the court to go any further in deciding this case; and that of itself is a sufficient reason for reversal.

But there are other questions made in the case, and in view of their importance, I may as well revert to them:

On the taial of this case below, certain requests were made by counsel for the defendant to charge the jury, which were refused; and in the justice's refusal to charge as requested, he committed an error which was prejudicial to the rights of this plaintiff in error.

The first charge requested by the defendant below and refused by the court, was this:

"While it is not necessary to charge knowledge in the affidavit, want of knowledge and absence of intent is a valid defense. You will carefully weigh the evidence of all of the witnesses, and if the evidence discloses that the defendant bought the molasses that he is here charged with selling, for pure New Orleans molasses, and honestly believed it to be such, and still believing it to be such pure goods, sold it as such, without intent to deceive the purchaser thereof as to its true character, you must acquit the purchaser."

That charge, as I have said, the court below refused to give, and there is an absence in the charge given by the court of any charge of a like nature, either in form or substance. On the contrary, the charge which was given by the court was the converse of this.

In the opinion of this court, the charge requested by counsel for the defendant below was a resonable one, and covered the law of the case completely. Every syllable of it is good law, and should have been given to the jury as requested; if not in that form, the substance of it at least should have been given. While it is not necessary to allege in the affidavit guilty knowledge on the part of the defendant in cases of this kind, and not necessary to prove it on the trial of the case, yet want of such knowledge is a good defense, in prosecutions under this statute, and it is a defense that a defendant has a right to make in any court of justice.

This decision does not conflict with any adjudicated case in Ohio.

Counsel for the State have cited as authority a case from the 8 Circuit Court Reports, p. 214; but it merely decided that guilty knowledge of the adulteration need not be averred or proved by the state. *Altschul* v. *State,* 8 O. C. C. Rep., p. 214, *et seq.*

In a case of assault or murder, for instance, it is not necessary to a conviction that the jury should be satisfied beyond a reasonable doubt that the accused did not act in self-defense; so, while in cases like the one at bar it is not necessary, for the state to prove anything relating to guilty knowledge; yet when want of knowledge of the impurity of the article sold, and the honest intention of the defendant in selling it, is relied upon as a defense, it is competent for the defense to prove it; and once clearly established, is a complete defense.

The court below refused to charge the jury that such was the law when requested so to do by counsel for the plaintiff in error.

*Mr. Case.*—"Does the court find that evidence on that point was refused?"

*Court.*—I am not now dealing with the evidence in the case. Suffice it to say that evidence was offered tending to prove that defense. The weight of the evidence was for the jury, but he was entitled to have this charge given to them, for it is the law, and was pertinent to the case. It was not a request to charge a mere abstract principle of law. It was applicable to the case, and undoubtedly law.

The case of *Farrell* v. *The State,* 32 Ohio St. 456, is in point, and the law as laid down in that case has never been reversed, unless it be by the circuit court decision heretofore cited.

There a person was indicted for selling intoxicating liquors, in violation of a provision of law providing against the evils resulting from the sale of intoxicating liquors as a beverage in the state of Ohio. It was held that a defendant on trial might show that at the time the article was purchased, alleged in the indictment to be intoxicating liquor, it was represented to him to be free from alcoholic properties, and that he bought it with the understanding and belief that it was not an intoxicating liquor, and sold it with such intention and understanding and belief.

Now, if that would be a good defense in that case, it must be a good defense in this. The cases are analogous—the same principle applies to each.

For the reason that the affidavit filed in the lower court fails to state any offense under the laws of Ohio, and the other error herein mentioned, as to the refusal to charge the jury, the judgment of the Justice is reversed, and the plaintiff in error discharged.

*Thomas E. Steele, Edmund Dwyer* and *S. J. Schwartz,* for plaintiff in error.

*S. C. Jones* and *Charles Case,* for defendant in error.